904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith LANE, Petitioner-Appellant,
v.
William SEABOLD, Warden, Kentucky State Penitentiary,
Respondent-Appellee.
 No. 89-5825.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Keith Lane, a Kentucky prisoner represented by counsel, appeals a judgment of the district court which denied his petition for a writ of habeas corpus. On August 23, 1983, Lane was convicted by a jury of second degree burglary. He was sentenced to five years in prison. Following this conviction, in a bifurcated proceeding, he was also convicted of being a persistent felony offender (PFO) in the first degree. As a result of his PFO conviction, his sentence was enhanced to fifteen years.
 
 
 3
 Lane, thereafter, sought post-conviction relief pursuant to Ky.R.Crim.P. 11.42. He argued ineffective assistance of counsel due to his trial counsel's failure to preserve an alleged PFO error concerning the age element in the offense. Eventually, the Kentucky Supreme Court concluded that: (1) the applicable law at the time of Lane's PFO conviction allowed a jury to infer a defendant's age from evidence establishing the date of birth and prior convictions; and (2) there was no prejudice from counsel's failure to object since Lane does not claim that he was under eighteen at the time the prior felony offenses were committed.
 
 
 4
 Lane then filed his petition for a writ of habeas corpus in the district court under 28 U.S.C. Sec. 2254, raising the same issue. After consideration of the response, a magistrate determined that Lane's ineffective assistance claim was without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Despite Lane's objections, the district court agreed and entered judgment accordingly. Lane then filed this appeal.
 
 
 5
 After careful consideration of the record in light of the arguments contained in the parties' briefs, the court concludes that the district court did not err in denying the petition for habeas relief. Accordingly, the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.